In the United States District Court for the Southern District

of Georgia

<u>Brunswick Division</u>

Anne and Paul Kawas, Plaintiffs,

       Vs.                                                 Civil Action File No: 2:20-cv-138

James Spies,

Darlene Spies,                                     <u>Jury Trial Requested</u>

Dudley Do SSI, LLC, Defendants

<u>COMPLAINT</u>

Action in tort for fraud and misrepresentation to recover difference between value of real property sold by defendants to plaintiffs with unrevealed defects and the value the real property would have had absent defects, punitive damages, and attorney's fees. The action is brought pursuant to 28 USC 1332.

<u>Parties, Jurisdiction, and Venue</u>

1.

Plaintiffs Anne and Paul Kawas (hereinafter sometimes referred to as Kawas') are residents of St. Simons Island, Glynn County Georgia.

2.

Defendants James and Darlene Spies, husband and wife (hereinafter sometimes referred to as Spies), are residents of 110 Arlington Place, West Palm Beach, Fl 33405 and may be served at that address. Spies are subject to the jurisdiction of this Court pursuant to 28 USC 1332 (a) (1)

3.

Defendant Dudley Do SSI, LLC (hereinafter sometimes referred to as Dudley) is a Georgia Corporation whose registered agent is Jeff Rentz, 412 Ocean Blvd St. Simons Is, Ga. 31522. Dudley's principal place of business is 314 Inlet Way #102 Palm Beach Shores, FL 33404. Dudley may be served through its registered agent and is subject to the jurisdiction and venue of this Court as it's only members are Florida residents and it's principal place of business is in Florida. 28 USC 1332 (c) (1)

4.

The Spies are the only members of Dudley, LLC.

5.

This action concerns the sale of residential property located at 105 Dudley Lane ("Property") St. Simons Island, Glynn County Georgia by Defendants to Kawas'.

FACTS

6.

On July 18, 2019 Spies signed and accepted Kawas' counter-offer to an original Purchase and Sale agreement ("Offer") dated July 14, 2019. The real property being bought and sold was 105 Dudley Lane (Property).

7.

On July 19, 2019 Spies signed a Property Disclosure Statement as an Exhibit to the July 18, 2019 counter-offer and the Offer.

8.

Defendant Dudley did not sign either the Offer, the counter-offer, or the Property Disclosure Statement

.

9.

At no time prior to the closing of sale was any disclosure made to the Kawas' by any defendant that the seller of the Property was a corporation, specifically Dudley. And, at no time prior to the close of sale did defendants Spies ever represent that they were acting on behalf of a corporation.

10.

The close of the sale of the Property occurred on October 3, 2019. Transfer of the Property was as of closing.

11.

The deed for the Property, recorded on October 11, 2019 and delivered to Kawas' on October 17, 2019 reflects the Grantor as Defendant Dudley.

12.

Prior to closing the Kawas' conducted two visual walk through inspections of the Property and hired a home inspector to inspect the Property.

13.

Despite Defendants having represented that there had been no water intrusion into the home, several weeks after the Property sale closed, numerous discoveries were made by Kawas' of water intrusion and mold damage throughout the home which had been concealed by Defendants.

14.

Defendants concealed rotted and molding paneling on the home's first level by covering the defects with baseboards.

15.

Defendants concealed water intrusion, wood rot, and mold at the first level of the home, by concealing the defects with a 12' by 1' by 3' platform.

16.

Defendants concealed mold on first level ceiling by covering the defect with paint.

17.

Defendants concealed rotting wood and cracked caulking on the first level of the home by covering the defect with paint.

18.

Despite Defendants representation in the Property Disclosure Statement to the contrary, during periods of rain, there was water intrusion into the stairwell between the second and third level of the home. Defendants passively concealed from Kawas' the fact of water intrusion into the home.

19.

Defendants concealed with wood paneling on the first level of the home, water intrusion, water stains and structural damage to the stairwell walls between levels one and two and levels two and three of the home.

20.

Defendants passively concealed an open 2' diameter hole in the home's third level floor which was behind a central air conditioning air intake register and filter.

21.

Additionally, an area of the yard on the Property had been filled in and covered with sod by Defendants to conceal erosion occurring at the Property's east boundary and defects with a bulkhead which defendants Spies had had constructed on the property.

22.

The Kawas' could not have discovered the concealed defects prior to the sale by the exercise of due diligence.

23.

Defendants were aware of defects to the property prior to the sale but actively or passively concealed the defects from Kawas' to induce Kawas' to buy the Property.

24.

As a result of Defendants Spies failed representation about Dudley, Defendants misrepresentation concerning water intrusion into the house, fraudulent concealment, both active and passive, of defects throughout the Property and otherwise fraudulent conduct regarding water intrusion, erosion, and defective bulkhead, Kawas' have been damaged and seek recovery for their damages in an amount to be proved at trial.

DAMAGES

25.

Where a seller has actively or passively concealed damage or defects in real property purchased by a buyer, the buyer may sue in tort for fraudulent concealment. <u>Browning v. Stocks,</u> 265 Ga. App. 803 (2004).

26.

Kawas' seek compensatory damages of the difference between the value of the Property sold to them with defects and the value the Property would have had absent concealed defects.

27.

In addition, Kawas' specifically plead that punitive damages be awarded them against Defendants pursuant to OCGA 51-12-5.1 for the willful and fraudulent conduct of Defendants.

28.

Kawas' also specifically plead that attorney's fees be awarded them against defendants pursuant to OCGA 13-6-11 as a result of the bad faith and fraud committed by defendants.

29.

The damages to plaintiff's are in excess of $75,000. 28 USC 1332.

Wherefore, Plaintiffs pray that,

a) Each Defendant be served with Process;

b) That the Court impanel a jury to hear plaintiffs' Complaint;

c) That the Court find in favor of Plaintiffs against Defendants, jointly and severely, and award all damages prayed for including compensatory damages, punitive damages, and recovery of attorney's fees;

d) And for such other and further relief as the Court deems proper.

This 21st day of December 2020

/s/MMJW

Mark M.J. Webb

11 Hillcroft Dr.

Rome, GA 30161

Ga. Bar # 744639